<div style="text-align:center">

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

</div>

| ATES | CIVIL ACTION |
|---|---|
| VERSUS | CASE NO. 15-3228 |
| **DELTA AIR LINES, INC.,** *et al.* | SECTION: "G"(5) |

<div style="text-align:center">

**ORDER**

</div>

Before the Court is Defendants Southwest Airlines Co., Delta Air Lines, Inc., American Airlines, Inc., and United Airlines, Inc.'s (collectively "Defendants") "Motion to Stay Proceedings Pending Ruling by the Judicial Panel on Multidistrict Litigation."[1] The pending motion was filed on September 14, 2015 and set for submission on September 30, 2015. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Plaintiff Paula A. Ates ("Ates") has filed no opposition at this time, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[2] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion.

<div style="text-align:center">

**I. Background**

</div>

On August 4, 2015, Ates filed the instant putative antitrust class action against Defendants seeking damages arising out of Defendants' alleged conspiracy to restrict output and thereby

---

[1] Rec. Doc. 6.

[2] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

manipulate the prices of passenger airline tickets.[3] The Complaint accuses the airlines of colluding to limit seat capacity and illegally signaling to each other how quickly they would add new flights, routes and extra seats in order to limit the capacity of passenger airline travel in the United States.**[4]** The suit alleges violations of Section 1 of the Sherman Act[5] and Sections 4 and 16 of the Clayton Act.[6]

On September 14, 2015, Defendants filed the pending motion, asking the Court to extend its time to respond to the Complaint and to stay proceedings pending final determination by the Judicial Panel on Multidistrict Litigation ("JPML") regarding whether this action may be consolidated with more than 90 other related actions filed around the country.[7]

## II. Parties' Arguments

Defendants claim that, on June 30, 2015, the Department of Justice issued civil investigative demands on Defendants requesting documents and other information relating to an investigation into possible unlawful coordination to limit capacity on flights.[8] Within hours, civil actions began to be filed against Defendants.[9] Defendants state that, on July 6, 2015, the plaintiffs in a pending, related matter in the Northern District of Illinois filed a motion to transfer and consolidate all such actions

---

[3] Rec. Doc. 1 at p. 1.

[4] *Id.*

[5] 15 U.S.C. § 1.

[6] 15 U.S.C. §§ 15, 26.

[7] Rec. Doc. 6.

[8] Rec. Doc. 6-1 at p. 3.

[9] *Id.*

in that court, which was followed by similar motions in many other related cases.[10] According to Defendants, on October 1, 2015, the JPML is set to hear motions seeking to centralize and transfer all of the related cases to a single forum.[11]

Defendants request that this Court stay proceedings to await the decision by the JPML regarding whether this action may be consolidated with others pursuant to 28 U.S.C. § 1407, in order to avoid the potential for duplication, inconsistent rulings, and "wasting this Court's time and resources."[12] According to Defendants, this is the 67th of 97 substantially identical cases (called "Capacity Actions") filed against Defendants as of September 14, 2015.[13] Defendants claim that all parties agree that the cases should be centralized, and the only issue is where to transfer them.[14]

Noting that this Court has the power to control its own docket and stay proceedings, Defendants request an extension of time to respond to the Complaint and to temporarily stay proceedings until the JPML consolidates these cases and the transferee court sets a schedule for the cases going forward.[15] Defendants note that judges within the Eastern District of Louisiana frequently defer to potential MDL consolidation by staying matters until the JPML has had an opportunity to rule.[16]

---

[10] *Id.* at p. 4.

[11] *Id.* at p. 1.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at p. 6 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *United States v. 6.83 Acres of Land, More or Less, Situated in Par. of St. Bernard*, No. 08-999, 2013 WL 1403088, at *3 (E.D. La. Apr. 5, 2013)).

[16] *Id.* at p. 7 (citing *Rizk v. DePuy Orthopaedics, Inc.*, No. 11-2272, 2011 WL 4965498, at *2 (E.D. La. Oct. 19, 2011); *Colvin v. DePuy Orthopaedics, Inc.*, 11-2222, 2011 WL 4965488, at *1 (E.D. La. Oct. 19, 2011); *Rechert v. Mark Starring & Assocs., Inc.*, No. 11-2171, 2011 WL 5078279, at *2 (E.D. La. Oct. 26, 2011)).

Defendants contend that in every earlier-filed case, plaintiffs agreed to suspend the schedule pending the JPML's centralization and transfer of the cases, and that in over 50 cases, the agreement was set forth in a stipulation and order that was filed and approved in substantially the same form in 11 jurisdictions across the country.[17] Here, however, they assert that Ates has refused to consider or agree to such a stipulation or stay and has insisted on a schedule that would require a response to her complaint within ten days of the JPML hearing.[18] Defendants argue that such a schedule is unworkable and wasteful, however.[19] Furthermore, although the JPML established a docket for the related actions,[20] Defendants claim that neither Ates nor any other party has submitted any papers in the MDL proceeding seeking to centralize the Capacity Actions in this district.[21]

According to Defendants, this Court should consider three factors in weighing whether to grant a motion to stay: 1) potential prejudice to the non-moving party; 2) hardship and inequity to the moving party if the action is not stayed; and 3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.[22] Defendants argue that all three factors are met here.[23] Defendants aver that Ates will not be prejudiced by a brief stay because no activity in this case has occurred other than service of the Complaint.[24] Defendants assert, however,

---

[17] *Id.* at p. 2.

[18] *Id.*

[19] *Id.* at pp. 2–3.

[20] *In re: Domestic Airline Travel Antitrust Litig.*, MDL No. 2656 (J.P.M.L.).

[21] Rec. Doc. 6-1 at p. 5.

[22] *Id.* at p. 7 (citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009)).

[23] *Id.* at p. 8.

[24] *Id.*

that they will be substantially prejudiced if a stay is not granted and that the risk of inconsistent rulings will be high.[25] Defendants claim that once the Capacity Actions are consolidated, the plaintiffs will likely file a consolidated amended complaint and that the Complaint in this instant case will no longer be operative.[26] A stay would therefore save Defendants the expense of answering a complaint that is likely to be superseded, Defendants say.[27] Defendants also argue in a footnote that service on Southwest Airlines Co. ("Southwest") was improper in this case, and that staying proceedings will save this Court and Southwest from expending the resources to litigate the sufficiency of service.[28] Defendants aver that judicial resources spent on this case would be wasted because they will have to be duplicated by the transferee court once the Capacity Actions have been centralized and transferred.[29]

Finally, Defendants argue that denying the stay would impinge on the transferee court's ability to fully exercise its discretion when deciding how these cases will proceed.[30] Defendants point to the actions of other courts in this matter, who have largely delayed status conferences and proceedings while awaiting a decision from the JPML, to suggest that this Court should follow suit.[31]

Ates has not filed an opposition to Defendants' "Motion to Stay Proceedings Pending Ruling by the Judicial Panel on Multidistrict Litigation."

---

[25] *Id.*

[26] *Id.* at pp. 1–2.

[27] *Id.* at p. 2.

[28] *Id.* at p. 8 n.4.

[29] *Id.* at p. 8.

[30] *Id.* at p. 9.

[31] *Id.*

## III. Law and Analysis

### *A. Legal Standard*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[32] A party requesting a stay must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay would harm another party.[33] Nonetheless, these considerations "are counsels of moderation rather than limitations upon power."[34]

The pendency of a motion to transfer before the JPML does not divest district courts of their jurisdiction over a case.[35] However, courts frequently grant stays in cases when an MDL decision is pending.[36] When reviewing a motion to stay pending a JPML decision, a district court considers three factors: 1) potential prejudice to the non-moving party; 2) hardship and inequity to the moving party if the action is not stayed; and 3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.[37]

---

[32] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[33] *Id.* at 255.

[34] *Id.*

[35] *In re Air Crash Disaster at Paris, France, on Mar. 3, 1974*, 376 F. Supp. 887, 888 (J.P.M.L. 1974) ("[T]he mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision.").

[36] *See Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc.*, No. 10-1341, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010) (collecting cases).

[37] *Id.* at *1 (citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009)).

B.   *Analysis*

As noted above, when considering a motion to stay pending a decision by the JPML, a district court must consider any potential prejudice to the non-moving party, hardship and inequity to the moving party absent a stay, and judicial economy.[38] For the reasons that follow, the Court finds that all three factors in this case ultimately weigh in favor of staying proceedings pending a decision by the JPML.

   **1.   Prejudice to the Non-Moving Party**

Although Ates has allegedly refused to cooperate with Defendants to stay the proceedings in this case, Plaintiff has filed no opposition to Defendants' motion.[39] Defendants are correct in noting that there has been minimal activity in this case so far.[40] Plaintiff filed the Complaint on August 4, 2015,[41] and the only motion currently pending before the Court is the instant motion to stay. Defendant Southwest also seems posed to challenge service of process in this case if it continues to advance before this Court.[42] Furthermore, Defendants contend that the JPML is set to hear motions seeking to centralize and transfer all of the related cases to a single forum in just one day, on October 1, 2015.[43] In light of the minimal activity in this case, the likelihood that it will soon be consolidated with others, and the fact that Plaintiff has filed no Opposition to the pending motion, the Court finds that this factor weighs in favor of staying the instant proceedings.

---

[38] *Id.*

[39] Rec. Doc. 6-1 at p. 3.

[40] *Id.* at p. 8.

[41] Rec. Doc. 1.

[42] Rec Doc. 6-1 at p. 8 n.4.

[43] *Id.* at p. 1.

### 2.     Hardship and Inequity to the Moving Party If a Stay Is Not Granted

Defendants argue that they will experience considerable hardship if a stay is not granted.[44] They note that once the Capacity Actions are consolidated, the Complaint in the instant case will no longer be operative, and thus a stay would save them the expense of answering a complaint that is likely to be superseded.[45] Defendants also aver that staying the case would save them the expensve of litigating the service of process issue.[46] According to Defendants, they are facing nearly 100 almost identical civil actions in district courts across the country, as well as an investigation by the U.S. Department of Justice.[47] The Court is convinced by Defendants' argument that continuing to litigate this case while waiting for a decision from the JPML that is likely to come in the near future would prove a substantial hardship and inequity to Defendants. Therefore, this factor weighs in favor of staying proceedings.

### 3.     Judicial Economy

Defendants aver that judicial resources spent on this case would be wasted because this case is likely to be consolidated with the other Capacity Actions, and any efforts extended by this Court will be duplicated in the transferee court.[48] Defendants further claim that denying the stay would impinge on the transferee court's ability to fully exercise its discretion when deciding how these cases will proceed.[49] According to Defendants, parties in most of the other pending Capacity Actions

---

[44] *Id.* at p. 8.

[45] *Id.* at pp 1–2.

[46] *Id.* at p. 8 n.4.

[47] *Id.* at p. 1.

[48] *Id.* at p. 8.

[49] *Id.* at p. 9.

have agreed to stay their cases pending the JPML's decision.[50]

"It is advisable . . . for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL court."[51] Furthermore, "[d]eference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system."[52] Given the number of substantially identical suits filed nationwide, the immediacy of the JPML's hearing on whether to consolidate the cases and where to transfer them, and the risk of inconsistent outcomes if this Court does not grant a stay in these proceedings, the Court finds that the interests of judicial economy would best be served by granting the motion to stay. Therefore, this factor also weighs in favor of granting Defendants' motion.

### IV. Conclusion

For the reasons set forth above, the Court finds that each of the factors considered weighs in favor of staying proceedings pending the JPML's decision regarding the consolidation of the Capacity Actions. Accordingly,

**IT IS ORDERED** that Defendants' "Motion to Stay Proceedings Pending Ruling by the Judicial Panel on Multidistrict Litigation"[53] is **GRANTED**,

**IT IS FURTHER ORDERED** that this matter shall be **STAYED** and

---

[50] *Id.* at p. 2.

[51] *Scott v. Bayer Corp.*, 03-2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004) (Fallon, J.) (citing MANUAL FOR COMPLEX LITIGATION § 31.131, at 252 (3d ed. 2000)).

[52] *Id.* (citing 28 U.S.C. § 1407); *accord Rizk v. DePuy Orthopaedics, Inc.*, No. 11-2272, 2011 WL 4965498, at *2 (E.D. La. Oct. 19, 2011) (Feldman, J.).

[53] Rec. Doc. 6.

**ADMINISTRATIVELY CLOSED**;

**IT IS FURTHER ORDERED** that Defendants will not be required to answer, move, or otherwise respond to the Complaint pending a decision regarding consolidation and transfer by the JPML.

**NEW ORLEANS, LOUISIANA**, this  30th  day of September, 2015.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**